IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA RODRIGUEZ TRENADO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATES OF HER SPOUSE MARTIN RAMON TRENADO, DECEASED, AND OF HER SON JOSE TRENADO, DECEASED, AND EMANUEL TRENADO, INDIVIDUALLY, AND JESSICA TRENADO, INDIVIDUALLY, | § § § § § § § § § § | |
| Plaintiffs, | § | CIVIL NO. 4:08-cv-249 |
| | § § § | |
| COOPER TIRE & RUBBER COMPANY, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Pending before the court[1] are Defendant Cooper Tire and Rubber Company's ("Defendant") Motion to Exclude or, in the Alternative, to Limit the Testimony of Plaintiffs' Alleged Tire Expert, Troy Cottles ("Cottles"), to be Admitted at Trial (Docket Entry No. 94); Defendant's Motion to Strike the New Opinions of Cottles, or in the Alternative, Motion to Extend Deadlines (Docket Entry No. 154); and Plaintiffs Maria Rodriguez Trenado, individually and as representative of the estates of her spouse Martin Ramon Trenado and of her son Jose Trenado, Jessica Trenado, and Emanuel Trenado's (collectively, "Plaintiffs") Motion to Strike Defendant's Motion to

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 21.

Strike New Opinions of Cottles (Docket Entry No. 163).

The court has considered the motions, all relevant filings, and the applicable law.  For the reasons set forth below, the court **DENIES** Defendant's Motion to Exclude or, in the Alternative, to Limit the Testimony of Plaintiffs' Alleged Tire Expert, Cottles, to be Admitted at Trial (Docket Entry No. 94); **DENIES IN PART, GRANTS IN PART** Defendant's Motion to Strike the New Opinions of Cottles, or in the Alternative, Motion to Extend Deadlines (Docket Entry No. 154); and **DENIES** Plaintiffs' Motion to Strike Defendant's Motion to Strike New Opinions of Cottles (Docket Entry No. 163).

## I.  <u>Case Background</u>

On July 21, 2007, Emanuel Trenado ("Emanuel") was driving his family's 1991 Chevrolet van in San Luis Potosi, Mexico, on Camino national road.[2]  The right rear wheel of the vehicle was equipped with a tire manufactured by Defendant.[3]  When the tire failed, Emanuel lost control of the vehicle and crashed.[4]  His father Martin Trenado and brother Jose Trenado died from injuries sustained in the crash.[5]  Emanuel, his mother Maria Trenado, and his sister Jessica Trenado were injured.[6]

---

[2]    Plaintiff's Amended Complaint, Docket Entry No. 149 ("Amended Complaint"), ¶ 11.

[3]    <u>Id.</u>

[4]    <u>Id.</u>

[5]    <u>Id.</u>

[6]    <u>Id.</u>

Plaintiffs initiated this action against Defendant[7] on January 18, 2008, in United States District Court for the Southern District of Texas, Houston Division, pursuant to the court's diversity jurisdiction.[8] Plaintiffs alleged negligence and strict liability causes of action arising out of the vehicle accident that result from the failed tire that was designed and manufactured by Defendant.[9] Plaintiffs seek actual and punitive damages against Defendant.[10]

## II. **Motion to Strike Expert and Expert Opinions**

Defendant moves to strike Plaintiffs' expert, Troy Cottles ("Cottles") and his report because, it argues, Cottles' expert opinions are not relevant or reliable because: (1) Cottles is not qualified to offer the opinions given in his report, and (2) his opinions are unreliable because the methodology he claims to have used "in forming his opinions is not grounded in the accepted and recognized methods and procedures of science."[11]

The federal rules of evidence and related case law require

_____

[7]     Defendant Sears, Roebuck and Company was dismissed from this suit on October 30, 2009, leaving Defendant Cooper Tire and Rubber Company as the only remaining defendant. Plaintiffs' Unopposed Motion to Dismiss Co-Defendant Sears, Docket Entry No. 165; Order of Dismissal Granting Plaintiffs' Motion to Dismiss Sears, Docket Entry No. 166.

[8]     Plaintiff's Original Complaint, Docket Entry No. 1.

[9]     Amended Complaint, Docket Entry No. 149, ¶¶ 11, 21, 31.

[10]     Id. ¶¶ 16-20.

[11]     Defendant's Motion to Exclude or, in the Alternative, to Limit the Testimony of Plaintiffs' Alleged Tire Expert, Cottles, to be Admitted at Trial ("Defendant's Motion to Exclude"), Docket Entry No. 94.

that an expert be qualified and that the expert's testimony be both relevant and reliable.  See Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999); Smith v. Goodyear Tire & Rubber Co., 495 F.3d 224, 227 (5th Cir. 2007).   The burden of establishing this predicate for the expert's testimony falls on the party producing the expert.  Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998).

A.    **Qualifications**

Defendant characterizes Cottles' five opinions regarding the failure of the tire as concerning the chemical composition, design, and manufacturing aspects of the tire, but Defendant argues that Cottles does not have the requisite expertise required to proffer opinions on any of these subjects and, accordingly, his opinions should be excluded from trial as not meeting the standards required of expert testimony.[12]

"To qualify as an expert, the witness must have such knowledge or experience in his field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth."  U.S. v. Hicks, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations and citations omitted).  Additionally, Federal Rule of Evidence 702 states that an expert may be qualified based on

---

[12]    Defendant's Motion to Strike the New Opinions of Cottles, or in the Alternative, Motion to Extend Deadlines ("Plaintiffs' Motion to Strike"), Docket Entry No. 154; Defendant's Supplemental Motion to Exclude, or in the Alternative, to Limit the Testimony of Plaintiffs' Alleged Tire Expert, Cottles, to be Admitted at Trial ("Defendant's Supplemental Motion to Exclude"), Docket Entry No. 156.

"knowledge, skill, experience, training, or education . . . ."  <u>See</u> <u>also</u> <u>Kumho Tire Co.</u>, 526 U.S. at 151 (discussing witnesses whose expertise is based purely on experience).

On the issue of Cottles' qualifications, the court finds that Cottles' resume reflects more than sufficient "knowledge, skill, experience, training, [and] education" to allow him to offer expert testimony on issues of tire failure.  <u>See</u> Fed. R. Evid. 702.  In fact, Defendant's attempt to attack Cottles on his qualifications is wholly without merit.  The court declines to here repeat Cottles lengthy resume and affidavit proving his qualifications to give an expert opinion on what caused the tire failure.  Rather, the court will mention only a few points that most directly address the concerns of Defendant.

Cottles' professional experience includes seventeen years in the tire industry, where he was trained in and worked with "all aspects of tire design and failure analysis."[13]  He has provided direct technical support on product liability issues, including forensically reviewing tires that were returned with claims of having failed.[14]  He has overseen design programs for tires supplied to major automobile manufacturers.[15]  He has worked in a product

---

[13]     Plaintiffs' Response to Defendant's Motions to Exclude or in the Alternative to Limit the Testimony of Cottles ("Plaintiffs' Response to Defendants' Motions to Exclude"), Docket Entry No. 168, Ex. A, Affidavit of Cottles, ¶ 3.

[14]     <u>Id.</u> ¶ 4.

[15]     <u>Id.</u>

integrity laboratory, conducting tire endurance, regulatory, and force/moment measurement testing.[16] Cottles has studied the causes of steel-belted radial tire failure and how to prevent such failure.[17] He has conducted scientific analyses of tires and performed forensic analyses of what causes tires to fail.[18] At one point, Cottles was directly responsible for designing safe tires that would have appropriate resistance to catastrophic failure.[19] He also physically manufactured tires himself for several months.[20] He has created tire specifications that were used in the production of his own tire design.[21] These are but a few of Cottles' qualifications.[22]

Defendant also argues that Cottles is not an engineer or an expert in polymer chemistry and therefore should not be allowed to give opinions regarding the chemical composition of the tire.[23] A witness qualified as an expert is not strictly confined to his area

---

[16]    Id.

[17]    Id.

[18]    Id.

[19]    Id. ¶ 5.

[20]    Id.

[21]    Id.

[22]    See id. ¶¶ 2-6; Ex. B, Tire Failure Analysis Report, pp. 31-33.

[23]    Defendant also argues that Cottles never held a position as a tire manufacturer. Defendant's Motion to Exclude, Docket Entry No. 94, p. 9. This argument is directly contradicted by Cottles' affidavit, however. Plaintiffs' Response to Defendants' Motions to Exclude, Docket Entry No. 168, Ex. A, Affidavit of Cottles, ¶ 5.

of practice but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight.  See, e.g., Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 176-77 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air. Corp., 37 F.3d 1069 (5th Cir. 1996) (permitting mechanical engineer who had never designed a press brake to testify as to safety of brake design).  The court has reviewed Cottles' credentials and finds that his education and extensive experience in the field of tire failure analysis qualify him to testify about the potential causes of the failure of the tire at issue in this case.  Any lack of specialization in the field of chemistry does not affect the admissibility of his opinion but only the weight that might be afforded to it by the trier of fact.

In sum, Cottles has met the minimum threshold as an expert qualified to give his opinion on catastrophic tire failure.  The grounds that Defendant gives for disqualification are all "fodder for cross examination." United States v. 14.38 Acres of Land, More or Less Situated in Lefore County, Miss., 80 F.3d 1074, 1079 n.4 (5th Cir. 1996).  Accordingly, the court **DENIES** Defendant's motion to disqualify Cottles.

**2.  Opinions**

Three motions are before the court regarding Cottles' expert opinions.  First, Cottles examined the failed tire and concluded

that there were five defects in its manufacture and design: (1) inadequate bonding of the belt skim region; (2) defective belt skim due to the presence of oxidation in the tire; (3) irregularly spaced, scalloped, and snaked belt cables; (4) lack of a belt wedge; and (5) absence of nylon reinforcement, i.e. a nylon cap ply.[24]   Defendant argues that these opinions should be struck because Cottles' theories lack sufficient testing.   Defendant also argues that Cottles did not review Cooper's documents until September 2009, while preparing for his October 2009 deposition, although he cites to those documents in his December 2008 report, and that, therefore, his expert report should be struck.

Second, Defendant moves to strike "two totally new, previously undisclosed opinions" by Cottles regarding Defendant's liability "based on the way in which the tire was designed and the manufacturing process used in the production of the tire."[25]   The two opinions at issue are: (1) that the innerliner was inadequate by design gauge, and (2) that the tire would have benefitted from an improved cure.[26]   Defendant bases its motion on its belief that Cottles withheld a complete statement of all of his opinions until his deposition in October 2009, nine months after Plaintiffs' expert designation and report deadline and eight months after

---

[24]   Plaintiffs' Response to Defendant's Motions to Exclude, Docket Entry No. 168, Ex. B, Tire Failure Analysis Report, pp. 24-25.

[25]   Plaintiffs' Motion to Strike, Docket Entry No. 154, p. 2.

[26]   Id. at 5-6.

Defendant's expert designation and report deadline.[27]   In the alternative, Defendant requests an extension of deadlines so that Defendant can further depose Cottles, give its own experts time to review and respond to the new opinions, and brief the court on whether the opinions should be considered for a <u>Daubert</u> challenge.[28]

Third, Plaintiffs move to strike Defendant's motion to strike the new opinions of Cottles.[29]   Defendant originally failed to provide a certificate of conference with its motion to strike the new opinions of Cottles.[30]   Seven days later, Defendant filed the missing certificate of conference.[31]   That same day, Plaintiffs filed this motion to strike Defendant's motion, stating that Defendant had never conferred with Plaintiffs regarding its motion.[32]

Defendant responded that it had inadvertently failed to include the certificate of conference with its motion, but that, as soon as the matter was brought to its attention, it sought in good

---

[27]   <u>Id.</u> at 2.

[28]   <u>Id.</u>

[29]   Plaintiffs' Motion to Strike Defendant's Motion to Strike New Opinions of Cottles ("Plaintiffs' Motion to Strike Defendant's Motion to Strike"), Docket Entry No. 163.

[30]   <u>See</u> Plaintiffs' Motion to Strike, Docket Entry No. 154.

[31]   Certificate of Conference for Defendant's Motion to Strike, Docket Entry No. 162.

[32]   Plaintiffs' Motion to Strike Defendant's Motion to Strike, Docket Entry No. 163.

faith to obtain a certificate of conference.[33]   When Plaintiffs
stated that they would not voluntarily strike Cottles' new
opinions, Defendant filed the belated certificate of conference.[34]
Defendant recognized its error and offered to re-file its motion if
necessary.[35]   Plaintiff timely filed its extensive response to
Defendant's motion to strike Cottles' new opinions on November 11,
2009.[36]

The court first addresses this third motion, the one made by
Plaintiffs.[37]   There is no history in this case's litigation
regarding similar non-compliance with the Local Rules.   A
conference regarding the motion has taken place, albeit belatedly.[38]
Plaintiffs have timely filed an extensive response.[39]   Therefore,
in light of the history of the case and the subsequent handling of
the matter by the litigants, the court finds that Plaintiffs have
not been prejudiced by Defendant's filing of the certificate of

---

[33]     Defendant's Response to Plaintiffs' Motion to Strike Defendant's
Motion to Strike, Docket Entry No. 164.

[34]     Id.

[35]     Id.

[36]     Plaintiffs' Response to Defendant's Motion to Strike the "New"
Opinions of Troy Cottles or in the Alternative Motion to Extend Deadlines
("Plaintiffs' Response to Defendant's Motion to Strike"), Docket Entry No. 167.

[37]     Plaintiffs' Motion to Strike Defendant's Motion to Strike, Docket
Entry No. 163.

[38]     Plaintiffs' Motion to Strike Defendant's Motion to Strike, Docket
Entry No. 163; Defendant's Response to Plaintiffs' Motion to Strike Defendant's
Motion to Strike, Docket Entry No. 164.

[39]     Plaintiffs' Response to Defendant's Motion to Strike, Docket Entry
No. 167.

conference one week late.   Furthermore, the court can find no reason why any of the parties will benefit from striking Defendant's motion, thus merely forcing Defendant to re-file its motion to strike at this time.

Accordingly, the court **DENIES** Plaintiffs' motion to strike Defendant's motion to strike the new opinions of Cottles.

Next, the court addresses Defendant's two motions to strike Cottles' expert opinions.[40]   The trial judge decides whether the evidence is relevant and sufficiently reliable so as to be admitted.   <u>Moore</u>, 151 F.3d at 276.   To be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702; <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 591 (1993).   Reliability hinges on the sufficiency of the facts or data upon which the opinion is based, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case.   Fed. R. Evid. 702; <u>Smith</u>, 495 F.3d at 227.

Among the factors to be considered in determining reliability of scientific testimony are: 1) the extent to which the theory can be tested or has been tested; 2) whether the theory has been subject to peer review and publication; 3) potential rate of error for the technique used and the existence of standards and controls;

---

[40]   Defendant's Motion to Exclude, Docket Entry No. 94; Plaintiff's Motion to Strike, Docket Entry No. 154.   Defendant's supplemental motion to exclude the testimony of Cottles is also considered herein.   Defendant's Supplemental Motion to Exclude, Docket Entry No. 156.

and 4) whether the underlying theory or technique is generally accepted as valid by the relevant scientific community. <u>Daubert</u>, 509 U.S. at 593-94.   These factors are neither exclusive nor dispositive, and the factors which are relevant will vary from expertise to expertise and case to case. <u>See</u> Fed. R. Evid. 702, Advisory Committee Notes.

Testimony that is not scientific in nature is better judged by examining whether the expert has sufficient personal knowledge, work experience, or training to support the opinions offered. <u>See</u> Fed. R. Evid. 702; <u>Kumho Tire Co.</u>, 526 U.S. at 150-51.   If the opinion is based solely or primarily on experience, the witness must connect the experience to the conclusion offered, must explain why the experience is a sufficient basis for the opinion, and must demonstrate the appropriateness of the application of the experience to the facts.   Fed. R. Evid. 702, Advisory Committee Notes.   The bottom line is:

> The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded.

<u>Id.</u>

Defendant's motions to exclude the expert report and testimony of Cottles attack the timing and substance of Cottles' opinions on several grounds.   Defendant complains that Cottles finished his

report in December 2008 and therein cited to Defendant's documents,
even thought he did not receive all of Defendant's documents until
January 2009.  Defendant also complains that Cottles proffered two
new opinions in his October 2009 deposition that he did not discuss
in his original report.

Defendant was late in turning over its full set of discovery
documents to Plaintiff and is thus partly at fault for the timing
of Cottles' opinions.  In fact, Defendant did not turn over its
documents until after Plaintiffs' expert report was due.
Defendant's complaints herein can be remedied by having Plaintiffs
supplement the report with Cottles' complete set of opinions and by
allowing Defendant to depose Cottles on any materials not included
in his original report.  Indeed, Plaintiff has already agreed to
both of these terms.[41]   Furthermore, it appears that many of

---

[41]   With respect to formally supplementing Cottles' report, Plaintiffs
have stated:

> In hindsight, plaintiffs concede that it would have been the better
> practice to have asked Mr. Cottles to formally supplement his
> opinions after Cooper was ordered to produce allegedly confidential
> internal documents in his case, to identify those particular Cooper
> documents Mr. Cottles intends to reference and upon which he intends
> to rely as part of his opinions.  Plaintiffs are having Mr. Cottles
> supplement his report to do just that.

Plaintiffs' Response to Defendant's Motion to Strike, Docket Entry No. 167, p.
3.  Furthermore, with respect to additional deposition time with Cottles,
Plaintiffs have stated:

> To the extent Cooper raises a valid point that it would have been
> preferable for plaintiffs to have asked Mr. Cottles[] to supplement
> his report to address the Cooper materials, Cooper at best reveals
> a basis to take a second deposition to cover those issues more
> thoroughly, which plaintiffs have already offered to Cooper. . . .
> The second deposition should not be necessary . . . but plaintiffs
> do not oppose a second deposition if the Court is inclined to give
> Cooper the benefit of the doubt that it would benefit from the same.

Id. at 11.

Defendant's substantive complaints regarding Cottles' methodology and conclusions may also be cured with a formal supplement and additional deposition time. The court therefore denies Defendant's motions to exclude Cottles' testimony. Defendant may challenge the substance of Cottles' report only after Plaintiffs formally supplement that report and after any further deposition of Cottles by Defendant, if Defendant does indeed choose to further depose him.

Therefore, the court orders Plaintiffs to formally supplement Cottles' report within fourteen (14) days after the issuance of this opinion. To the extent that Plaintiffs have not already done so, Plaintiffs should ensure that all materials relied upon by Cottles are produced at that time.[42]  Furthermore, if it so chooses, Defendant may depose Cottles again for no more than three hours at Plaintiffs' expense. This deposition must occur within thirty (30) days after the date on which Plaintiffs formally supplement Cottles' report.  Defendant will have fourteen (14) days after the date of Cottles' deposition to file any challenges to his opinions. If Defendant chooses not to depose Cottles again, then any challenge to Cottles' opinions must be submitted to the court within fourteen (14) days after Plaintiffs formally supplement

---

[42]    Also pending before the court is Defendant's Motion to Compel Production of Materials Considered by Cottles, Docket Entry No. 171. The docket call for this motion is December 22, 2009.  The court will not rule on the motion at this time.  However, the court anticipates that its rulings herein on Defendant's other motions with regard to Cottles may moot this motion.  After Plaintiffs have formally supplemented Cottles' report, Defendant should either re-urge or withdraw this motion to compel.

Cottles' report.

Accordingly, Defendant's motion to exclude is **DENIED**, Defendant's motion to strike is **DENIED**, and Defendant's motion to extend deadlines is **GRANTED** to the extent stated in this opinion.

### III.   Conclusion

Based on the foregoing, the court **DENIES** Defendant's Motion to Exclude or, in the Alternative, to Limit the Testimony of Plaintiffs' Alleged Tire Expert, Cottles, to be Admitted at Trial (Docket Entry No. 94); **DENIES IN PART, GRANTS IN PART** Defendant's Motion to Strike the New Opinions of Cottles, or in the Alternative, Motion to Extend Deadlines (Docket Entry No. 154); and **DENIES** Plaintiffs' Motion to Strike Defendant's Motion to Strike New Opinions of Cottles (Docket Entry No. 163).

**SIGNED** in Houston, Texas, this 15th day of December, 2009.

Nancy K. Johnson
United States Magistrate Judge