IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA RODRIGUEZ TRENADO, Individually and as Representative of the Estates of Her Spouse, MARTIN RAMON TRENADO, Deceased, and of Her Son, JOSE TRENADO, Deceased, and EMANUEL TRENADO, Individually, and JESSICA TRENADO, Individually, | § § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-08-0249 |
| v. | § § | |
| COOPER TIRE & RUBBER COMPANY, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendant Cooper Tire & Rubber Company's ("Cooper") Filing of Counsels' Affidavits Related to Attorneys' Fees (Docket Entry No. 432), Plaintiffs' Response to Cooper's Filing of Counsels' Affidavit Relating to Attorney Fees (Docket Entry No. 434), and Cooper's Reply in Further Support of Its Filing of Counsels' Affidavits Related to Attorneys' Fees (Docket Entry No. 435), all of which were filed in accordance with the court's Memorandum Opinion and Order (Docket Entry No. 430) granting in part Cooper's motion for sanctions against plaintiffs' counsel Hugh N. Smith and his law firm.

The court concluded in its prior opinion and order that the violation of the Amended Protective Order of Confidentiality ("Protective Order") by Smith and his law firm, although not willful, nevertheless warrants sanctions because of (1) Smith's awareness of the strongly worded Protective Order combined with the magnitude of the violation, (2) the attorney's fees and expenses that Cooper incurred investigating the violation and enforcing the Protective Order, and (3) the fact that Smith had previously violated a similar protective order.[1] Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the court ordered Smith and his law firm to jointly and severally "reimburse Cooper for the attorney's fees and expenses Cooper incurred in its efforts to identify the violation of the Protective Order at issue and to enforce the Order."[2] As directed by the court, Cooper has filed affidavits setting forth the services for which it seeks to be reimbursed, the time expended, and the reasonable hourly rates sought, together with proof of its expenses.[3] Smith responded by arguing that Rule 37(b)(2)(C) does not authorize a court to award sanctions for a violation of a protective order and, alternatively, that Cooper's evidence supporting its claimed fees and expenses is deficient.[4]

---

[1] Memorandum Opinion and Order, Docket Entry No. 430, pp. 3-5.

[2] Id. at 5-6.

[3] Cooper's Filing of Counsels' Affidavits Related to Attorneys' Fees ("Cooper's Filing"), Docket Entry No. 432.

[4] Plaintiffs' Response to Cooper's Filing of Counsels' Affidavit Relating to Attorney Fees ("Plaintiffs' Response"), Docket Entry No. 434, pp. 3-14.

Federal Rule of Civil Procedure 37(b) authorizes courts to impose sanctions for violations of discovery orders. Rule 37(b)(2)(A) provides a list of possible sanctions, including directing certain facts to be taken as established, striking pleadings, staying proceedings, dismissing the action, and rendering a default judgment. In addition, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990). This discretion is subject to certain limitations, however. A party's violation of a discovery order ordinarily must be committed willfully or in bad faith for the court to award the severest of remedies available under Rule 37(b), such as striking pleadings, entering a default judgment, or dismissing the action with prejudice. Id. at 1021 & n.2; see also Plasticsource Workers Comm. v. Coburn, 283 Fed. Appx. 181, 184 (5th Cir. Feb. 1, 2008) (unreported); Chisesi v. Auto Club Family Ins. Co., 374 Fed. Appx. 475, 477 (5th Cir. Mar. 9, 2010) (unreported) (dismissal). But the Fifth Circuit does not require a showing of willful or "contumacious" misconduct as a prerequisite

to sanctions that are less harsh than a dismissal or default judgment. Chilcutt v. United States, 4 F.3d 1313, 1322, 1323 n.23 (5th Cir. 1993). Awarding attorney's fees and expenses is viewed by the Fifth Circuit as one of the least severe remedies afforded by Rule 37(b). See id. at 1320 n.17.

Smith argues that Rule 37(b)(2) "is an inappropriate vehicle to impose sanctions for violation of a protective order."[5] In support of this argument Smith relies on Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1321-23 (11th Cir. 2001), in which the Eleventh Circuit held that Rule 37(b)(2) does not permit a district court to impose sanctions for a violation of a protective order. The Lipscher court stated that Rule 37(b)(2) only applies "when a party 'fails to obey an order to provide or permit discovery.'" Id. at 1323 (quoting Fed. R. Civ. P. 37(b)(2)(A)). The court acknowledged that if a district court, after denying in whole or in part a motion for a protective order, ordered a party or other person to provide or permit discovery pursuant to Rule 26(c), sanctions under Rule 37(b)(2) would be permissible for a violation of the court's order because such an order would be an order "to provide or permit discovery" within the meaning of Rule 37(b)(2). Id. But the court held that "a Rule 26(c) protective order is not 'an order to provide or permit discovery,' and therefore, such orders do not fall within the scope of Rule 37(b)(2)." Id.

---

[5]Plaintiffs' Response, Docket Entry No. 434, pp. 3, 3-4.

Rule 26(c)(1)(B) states that the court may issue a protective order "specifying terms, including time and place, for the disclosure of discovery." The Protective Order entered in this case (Docket Entry No. 54) "govern[ed] confidential material produced or disclosed by these Defendants or Plaintiff[s] in response to formal or informal discovery conducted in this matter" (¶ 3); allowed the parties to designate as confidential material "all or any portion of documents, things and information it [sic] produces formally or informally to other parties to this litigation" (¶ 4); addressed the inadvertent production of confidential material (¶¶ 5 and 13); included procedures for objecting to the designation of material produced as confidential (¶ 6); limited access to confidential material (¶ 7); and included provisions for the storage of confidential material (¶ 9), the use of confidential material in depositions and at trial (¶¶ 12 and 14), and the return of confidential material (¶ 15). Even reading Rule 26(c) in the narrow manner adopted by the Lipscher court, the court concludes that the Protective Order in this case was an "order to provide or permit discovery" as that term is used in Rule 37(b)(2).

Moreover, the court does not find the Lipscher court's narrow reading of Rule 37(b)(2) to be persuasive. The court agrees with the many other courts that have concluded that attorney's fees and costs, as well as other appropriate sanctions, may be awarded under

Rule 37(b)(2) for a violation of a protective order. See, e.g., Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir. 1983) (awarding attorney's fees and costs pursuant to Rule 37(b)(2) for a violation of a protective order); Am. Nat'l Bank & Trust Co. ex rel. Emerald Invs. LP v. AXA Client Solutions, LLC, 2002 WL 1067696, *5, 7 (N.D. Ill. May 28, 2002) (same), aff'd, 2002 WL 1838144, *6 (N.D. Ill. Aug. 12, 2002); Poliquin v. Garden Way, Inc., 154 F.R.D. 29, 31-32 (D. Me. 1994) (same); Whitehead v. Gateway Chevrolet, 2004 WL 1459478, *3 (N.D. Ill. June 29, 2004) (declining to follow Lipscher and awarding sanctions against an attorney under Rule 37(b) for a violation of a protective order); see also Lambright v. Ryan, 2010 WL 1780878, at *5 (D. Ariz. May 4, 2010) (concluding that Rule 37(b) authorizes a district court to impose sanctions on a party that fails to comply with a protective order); Schiller v. City of New York, 2007 WL 1623108, *3 (S.D.N.Y. June 5, 2007) (same); Lewis v. Wal-Mart Stores, Inc., 2006 WL 1892583, *3 (N.D. Okla. July 10, 2006) (same).

Smith also contends that Cooper's affidavits and supporting evidence fail to establish the reasonableness and necessity of the fees claimed.[6] The Fifth Circuit generally approves of the "lodestar method" to calculate attorney's fees, which involves multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. Tollet v.

---

[6] Id. at 9-14.

City of Kemah, 285 F.3d 357, 367 (5th Cir. Mar. 6, 2002) (unreported) (citing Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999)). To support an award of Rule 37 sanctions the affidavit of counsel can serve as proof of the amount to be awarded. Id. (citing Shipes v. Trinity Indus., 987 F.2d 311, 323-24 (5th Cir.), cert. denied, 114 S. Ct. 548 (1993)). Smith and his firm can only be held responsible for the reasonable expenses and attorney's fees caused by their failure to comply with the Protective Order. See Chapman & Cole v. Itel Container Int'l B.V., 865 F.2d 676, 687 (5th Cir.), cert. denied, 110 S. Ct. 201 (1989).

Cooper submitted affidavits from T. Christopher Trent, the attorney who represented Cooper in this action,[7] and from Nicole K. Schwieterman, whose law firm serves as Cooper's national discovery counsel.[8] Trent and Schwieterman testified that their firms spent 23.6 hours and 131.5 hours, respectively, in researching violations of the Protective Order, drafting motions to enforce the Protective Order and for sanctions, preparing replies to the plaintiffs' responses, attending court hearings, and conferring and coordinating with Cooper.[9] The attorneys' fees ranged from $105 an hour to $211 an hour for associates, $90 an hour for a paralegal, and from

---

[7] Affidavit of T. Christopher Trent, Exhibit A to Cooper's Filing, Docket Entry No. 432.

[8] Affidavit of Nicole K. Schwieterman, Exhibit B to Cooper's Filing, Docket Entry No. 432.

[9] See Affidavit of T. Christopher Trent, Exhibit A to Cooper's Filing, Docket Entry No. 432, ¶¶ 3-4; Affidavit of Nicole K. Schwieterman, Exhibit B to id., ¶¶ 3-4.

$140 an hour to $280 an hour for partners and shareholders.[10] Trent's firm charged Cooper $4,169.80 in attorneys' fees, and Trent testified that these fees are "reasonable and lower than what is customarily charged within this area for the same or similar services for attorneys with our experience, reputation and abilities . . . ."[11] Schwieterman's firm charged Cooper $23,831.00 in attorney's fees and $1,666.91 in costs, and Schwieterman testified that these fees are customary and that the rates charged are significantly below customary rates for attorneys with the experience and capabilities of the attorneys in her firm.[12] Houston attorney Stephen Fernelius submitted an affidavit stating that he reviewed the hourly rates of both Trent and Schwieterman's firms and that the rates charged are within the normal range of hourly rates charged by similarly experienced attorneys and are within the normal range charged for similar services.[13]

Despite Smith's arguments to the contrary, it was not unreasonable for Cooper to retain Schwieterman's firm to assist in

---

[10]See Affidavit of T. Christopher Trent, Exhibit A to Cooper's Filing, Docket Entry No. 432, ¶ 5; Affidavit of Nicole K. Schwieterman, Exhibit B to id., ¶ 5.

[11]Affidavit of T. Christopher Trent, Exhibit A to Cooper's Filing, Docket Entry No. 432, ¶ 6.

[12]Affidavit of Nicole K. Schwieterman, Exhibit B to Cooper's Filing, Docket Entry No. 432, ¶ 6.

[13]Affidavit of Stephen M. Fernelius, attachment to Cooper's Reply in Further Support of Its Filing of Counsels' Affidavits Related to Attorneys' Fees, Docket Entry No. 435, ¶¶ 1-3.

identifying violations of the Protective Order and in enforcing the Protective Order while Trent and his firm were in the midst of a jury trial before the court. The court also concludes that Smith's arguments that the submitted time-and-expense statements are fraudulent have no merit. The statements reflect the two firms' joint effort to investigate the facts underlying the Protective-Order violations and to compose thorough and timely legal arguments on behalf of their client to enforce the order.

The court concludes that the affidavits and supporting evidence showing the amount of time Cooper's attorneys spent on investigating violations of the Protective Order and enforcing the order, the applicable hourly rates, and the lodestar calculations are reasonable and appropriate. The court **ORDERS and ADJUDGES** that Hugh N. Smith and the law firm of Smith & Fuller, P.A. jointly and severally pay to Cooper the following amounts within ten days from the entry of this Memorandum Opinion and Order:

(a) attorney's fees of $4,169.80, payable to the law firm of Johnson, Trent, West & Taylor, L.L.P.;

(b) attorney's fees of $23,831.00, payable to the law firm of Thacker Martinsek LPA; and

(c) costs of $1,666.91, payable to the law firm of Thacker Martinsek LPA.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE